FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 22, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS F. MERRY, a man, a citizen of the State of Washington,<br><br>Plaintiff,<br><br>v.<br><br>WESLEY CORNELIUS, Chelan County Assessor, in his official capacity; RUSS GRIFFITH, Chelan County Treasurer, in his official capacity; KEVIN OVERBAY, SHON SMITH, and BRAD HAWKINS, Chelan County Board of Commissioners, in their official capacities; ROBERT SEALBY, Chelan County Prosecuting Attorney, in his official capacity; MIKE PELLICCIOTTI, Washington State Treasurer, in his official capacity; BOB FERGUSON, Governor of the State of Washington, in his official capacity; DREW SHIRK, Director of the Washington State Department of Revenue, in his official capacity; NICK BROWN, Washington State Attorney General, in his official capacity,<br><br>Defendants. | No. 2:26-CV-00139-RLP<br><br>ORDER DISMISSING COMPLAINT WITH PREJUDICE |

Before the Court is Defendants Nick Brown, Bob Ferguson, Mike

Pellicciotti, Drew Shirk's (collectively the Washington State Defendants) Motion

ORDER OF DISMISSAL~ 1

to Dismiss, ECF No. 7. Plaintiff Thomas Merry initiated this action *pro se*. *See* ECF No. 1. As discussed herein, the Court lacks jurisdiction to hear this case. The motion to dismiss, ECF No. 7, is therefore granted, and the remaining motions pending, ECF Nos. 9 and 11, are dismissed for mootness.

## BACKGROUND

Mr. Merry initiated this action of March 26, 2026. *See* ECF No. 1. His Complaint alleges that he was formerly a co-owner of real property parcels in Chelan County. ECF No. 1 at 4. He challenges Defendants' policy of requiring property taxes to be paid in Federal Reserve Notes. *Id*. He alleges that by refusing to accept property taxes in gold or silver coin, Defendants are violating Article I, Section 10 of the United States Constitution, the due process and takings clause of the Fifth Amendment to the United States Constitution, and his civil rights. *Id*. He requests declaratory and injunctive relief, as well as restitution and "any other relief this Court deems just." *Id.*

## LEGAL STANDARD

Where the court lacks subject-matter jurisdiction, the action must be dismissed. FRCP 12 (b)(1). The party who seeks to invoke the subject-matter jurisdiction of the Court has the burden of establishing that such jurisdiction exists. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). A motion to dismiss pursuant to Rule 12(b)(1) can either be a "facial" or "factual"

ORDER OF DISMISSAL~ 2

challenge to jurisdiction. *See Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). Where, as here, defendants brings a "facial" attack to jurisdiction, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. Where the Rule 12(b)(1) challenge is facial in nature, the Court accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

DISCUSSION

The Washington State Defendants contend Mr. Merry's claims are barred by the Tax Injunction Act and this Curt therefore lacks jurisdiction.[1] The Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy

---

[1] The Washington State Defendants also request dismissal for failure to state a claim under FRCP 16(b)(6). The Court need not address the adequacy of such pleadings where subject matter jurisdiction is lacking. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94, 118 S.Ct. 1003 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

ORDER OF DISMISSAL~ 3

may be had in the courts of such State." 28 U.S.C. § 1341. "When applicable, the Act prohibits both declaratory and injunctive relief, as well as § 1983 suits for damages." *Lowe v. Washoe Cty.*, 627 F.3d 1151, 1155 (9th Cir. 2010) (citations omitted). "If a 'plain, speedy and efficient remedy' is not available in state court, a federal district court may exercise jurisdiction over a party's challenge to a state tax." *Id*. "For the Act's jurisdictional prohibition to apply, the state court remedy need only meet certain minimal procedural criteria." *Id*. (internal quotation marks and citation omitted). A state court remedy is plain, speedy and efficient "if it provides the taxpayer with a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax." *California v. Grace Brethren Church*, 457 U.S. 393, 413-14,102 S. Ct. 2498 (1982).

Mr. Merry has not alleged that he lacks a plain, speedy, and efficient state court remedy, and this Court is the Court is unaware of any barrier precluding him from doing so. In Washington, an individual who seeks to challenge a property tax may first petition the Washington State Board of Property Tax Appeals, and may seek judicial review of any negative decision through the Washington state courts. Mr. Merry may also raise constitutional challenges to state tax collection procedures in state court, including filing a § 1983 action. As a result, the Court cannot consider the merits of Mr. Merry's claims and must dismiss this action without prejudice. *See Berry v. Alameda Bd. of Sup'rs*, 753 F. Supp. 1508, 1509

ORDER OF DISMISSAL~ 4

(N.D. Cal. 1990) (federal court lacks jurisdiction to interfere with California's tax limitation); *Moore v. Kamikawa*, 940 F. Supp. 260 (D. Haw. 1995), *aff'd*, 82 F.3d 423 (9th Cir. 1996) (taxpayer's claims under § 1983 that excise tax was unconstitutional or result of unlawful conspiracy were barred by principle of comity and the Tax Injunction Act); *Pac. Bells, LLC v. Inslee,* 600 F. Supp. 3d 1149 (W.D. Wash. 2022) (Pursuant to Tax Injunction Act, federal court was precluded from enjoining, suspending, or restraining tax program's premiums).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.    The Washington State Defendants' Motion to Dismiss, **ECF No. 7**, is **GRANTED**.

2.    The remaining motions, **ECF Nos. 9 and 11**, are **DENIED** for mootness.

3.    This action is **DISMISSED** with prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff and counsel, and **CLOSE** the file.

**DATED** June 22, 2026

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL~ 5